UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFONSO FORNEY,<br><br>                    Petitioner,<br><br>        v.<br><br>MONICA  RECKTENWALD,  Warden,  et al.,<br><br>                    Respondents | CIVIL ACTION NO. 1:14-CV-00734<br><br>(RAMBO, J.)<br>(MEHALCHICK, M.J.) |

REPORT AND RECOMMENDATION

On April 15, 2014, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241, signed and dated by Petitioner Alfonso Forney on April 13, 2014. (Doc. 1). Petitioner names as Respondents Monica Recktenwald, Warden of FCI Allenwood; J.L. Norwood, Northeast Regional Director; and Charles E. Samuels, Jr., Director of the Federal Bureau of Prisons. (Doc. 1). At the time of filing, Forney was being detained at the United States Penitentiary at Allenwood, located in White Deer, Pennsylvania (USP Allenwood). Thus, the Warden of USP Allenwood at the time of the filing of the petition, Warden Donna Zickefoose, is his custodian and the proper respondent to this petition under Third Circuit precedent. *See* 28 U.S.C. § 2243; *Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[T]he proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."). *See also Faulk v. Recktenwald*, No. 14-120, 2014 WL 1872118, at *2 n.1 (M.D. Pa. May 8, 2014) (noting that prison warden, not the Bureau of Prisons, was the only correct Respondent to a 28 U.S.C. § 2241 habeas petition). The Petitioner, however, will not be required to submit an amendment. Instead, the Court will liberally construe the petition as

naming the appropriate respondent. *See Maher v. Pa. Bd. of Probation & Parole*, No. 04-1277, 2005 WL 1324879, at *1 n.2 (M.D. Pa. June 3, 2005).

## I.   BACKGROUND AND PROCEDURAL HISTORY

At the time of filing, Forney was incarcerated at USP Allenwood.[1] In his petition, Forney alleges due process violations regarding a disciplinary action that occurred while he was incarcerated at the Allenwood Federal Correctional Institution (FCI Allenwood). A disciplinary hearing occurred on September 13, 2013, and resulted in sanctions against Forney, including the loss of Good Conduct Time toward his federal sentence.

On August 26, 2013, at approximately 12:35 p.m., an officer responded to Forney's cell in the Special Housing Unit (SHU) after Forney activated the duress button in the cell. (Doc. 5, pp. 2-3). When the officer arrived at the door to Forney's cell, Forney stated that "I want a lieutenant down here now bitch." (Doc. 5, p. 3). The officer requested Forney and Forney's cellmate's food trays. (Doc. 5, p. 3). Forney passed out his cellmate's tray through the food slot but refused to pass out his tray. (Doc. 5, p. 3). Forney then passed his tray through the slot, but placed a book in the slot preventing it from being closed and locked by the officer. (Doc. 5, p. 3). Forney again requested a lieutenant, and stated he would not remove the book until he could speak with a lieutenant. (Doc. 5, p. 3). At that time he also placed his arm through the food slot. (Doc. 5, p. 3). At approximately 12:50 p.m., Forney submitted to hand restraints and was removed from his cell. (Doc. 5, p. 3). A search of the cell revealed two additional food trays

---

[1] Forney is currently confined at the Canaan United States Penitentiary in Waymart, Pennsylvania. *See* http://www.bop.gov/inmateloc/, "Alfonzo Forney".

and lids hidden in the cell. (Doc. 5, p. 3). The officer issued Forney an Incident Report, No. 2484676, for a violation of the Bureau of Prisons (BOP) disciplinary codes 208-tampering with or blocking a locking device, 305-possession of anything not authorized, and 312-insolence to a staff member. (Doc. 5, p. 3). The incident report was delivered to Forney on August 26, 2013, at approximately 1:50 p.m. (Doc. 5, p. 3).

On August 29, 2013, Forney appeared before the Unit Discipline Committee (UDC). (Doc. 5, p. 3). The UDC referred the charge to the Discipline Hearing Officer (DHO) for further hearing "due to the severity of the charges." (Doc. 5, p. 4). At the UDC hearing, Forney received a copy of the "Inmate Rights at Discipline Hearing" form and a "Notice of Discipline Hearing Before the DHO" form. (Doc. 5, p. 4). Forney refused to sign the two forms, but requested Lieutenant Olshefski as a staff representative for the hearing with the DHO. (Doc. 5, p. 4).

On September 11, 2013, the DHO held a hearing for Incident Report No. 2484676. (Doc. 5, p. 4). Forney's staff representative appeared and stated that he met with Forney prior to the hearing, and noted no discrepancies in the disciplinary process. During the proceeding, Forney did not request any witnesses, he was advised of his rights and indicated that he understood them, and he made a verbal statement denying the charges and submitted a written statement. (Doc. 5, p. 4). In his verbal statement, he admitted to holding the trays "because [he] wanted to speak with a lieutenant" but denied placing a book in the food slot. (Doc. 5-1, p. 31). Forney stated that the officer involved in the incident "was speaking disrespectfully" and he could not remember how he responded but knew that he did not call the officer a bitch. (Doc. 5-1, p. 31). Forney's written statement, dated September 4, 2013, requested dismissal of Incident

Report No. 2484676, on the basis of procedural violations pursuant to Program Statement 5270 dealing with the "Inmate Discipline Program." (Doc. 5-1, pp. 28-29).

On September 13, 2013, the DHO issued a written report on his decision for Incident Report No. 2484676. (Doc. 5, p. 4). The DHO considered all available evidence, including the incident report and investigation. (Doc. 5, p. 4). The DHO found that, based on the greater weight of the evidence, Forney committed the prohibited acts of tampering with or blocking a locking device (Code 208) and insolence towards a staff member (Code 312) on August 26, 2013. (Doc. 5, p. 4). The DHO expunged the charge for possession of anything not authorized (Code 305) as duplicitous with the sustained charges. (Doc. 5, p. 4). On the Code 208 violation, the DHO sanctioned Forney to fifteen (15) days in disciplinary segregation, a twenty-seven (27) day disallowance of good conduct time, and a four (4) month loss of visiting and telephone privileges. (Doc. 5, p. 5). On the Code 312 violation, the DHO sanctioned Forney to fifteen (15) days in disciplinary segregation, a thirteen (13) day disallowance of good conduct time, and a four (4) month loss of commissary privileges. (Dc. 5, p. 5). A copy of the report was provided to Forney on September 13, 2013. (Doc. 5, p. 5).

On April 15, 2014, Forney filed a *pro se* petition for a writ of habeas corpus alleging various due process violations regarding the disciplinary action taken against him while he was incarcerated at FCI Allenwood. (Doc. 1). In his Petition, Forney first alleges that the investigating officer, Lt. J. Brown, was a witness to the original incident and, pursuant to Program Statement 5270.09, should not have investigated the incident. (Doc. 1, p. 3). Forney argues Brown's involvement created a conflict of interest. Second, Forney alleges that the DHO and BOP violated their own program statement when they did not allow Forney to review the

camera footage of the incident. Forney alleges that the footage would have confirmed that Lt. J. Brown was present at the incident. (Doc. 1, p. 4). Third, Forney states that the Incident Report does not indicate the exact location of the incident. (Doc. 1, p. 6). Forney states that the location listed on Incident Report No. 2484676 was not "specific" as required by Program Statement 5270 since he was in the Special Housing Unit (SHU) when the incident occurred, and the terms "Special Housing Unit" and/or "SHU" never appear in the report. (Doc. 1, p. 6). In his Fourth Ground, Forney states that the DHO and BOP failed to comply with the Program Statement because the DHO relied on confidential information to support his findings that Forney committed the prohibited acts. (Doc. 1, p. 7).

On May 9, 2014, this Court issued an Order directing Respondents to show cause on or before May 30, 2014, as to why Petitioner should not receive the relief he seeks. (Doc. 4). On May 29, 2014, Respondents submitted a Response to the Petition for Writ of Habeas Corpus. (Doc. 5). Petitioner did not file a reply to the response. This matter is now ripe for disposition.

## II.    DISCUSSION

### A. SUMMARY DISMISSAL OF HABEAS PETITION

A petition for a writ of habeas corpus may be brought by a prisoner who seeks to challenge the fact or duration of the prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Georgevich v. Strauss*, 772 F.2d 1078, 1086-87 (3d Cir. 1985). Under § 2241, a federal prisoner may challenge the execution of his sentence – such as a claim concerning the denial or revocation of parole, or the loss of good-time credits – in the district court for the federal judicial district where the prisoner is in custody. *See* 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 443–44 (2004); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). To the extent that

Forney seeks restoration of telephone and visiting privileges, and removal of all sanctions taken

by the DHO, he is not challenging the duration or propriety of his sentence. Instead, he is

challenging the conditions of his confinement. In *Green v. Bledsoe*, this Court explained:

> [I]n challenging his placement in the SMU and the hearing that led to the
> determination that he was appropriate for SMU placement, [Petitioner] is not
> challenging the fact or duration of his confinement. Further, a decision in his
> favor would not alter his sentence or undo his conviction. Therefore, his claims
> are not properly asserted in a § 2241 habeas petition, but rather are more
> properly pursued through the filing of a *Bivens* action. *See Woodruff v. Williamson*,
> Civil No. 3:CV–06–2310, 2009 WL 703200, at *5 (M.D. Pa. Mar. 12, 2009)
> (Caputo, J.) (dismissing portion of petitioner's § 2241 habeas petition challenging
> SMU placement as not cognizable under § 2241); *McKettrick v. Williamson*, Civil
> No. 4:CV–06–543, 2006 WL 1307919 (M.D. Pa. May 10, 2006) (McClure, J.)
> (same).
>
> *Green v. Bledsoe*, No. 10-0059, 2010 WL 1372409, at *2 (M.D. Pa. Apr. 5, 2010).

The favorable resolution of these issues will not result in Forney's release, nor an

adjustment in the remainder of time on his sentence. Consequently, this Court is unable to

grant the requested relief on Forney's civil rights claims in the context of a habeas petition. *See*

*Gilliam v. Holt*, No. 05-2351, 2005 WL 3591805, at *2 (M.D. Pa. Dec. 30, 2005). However, to

the extent that Forney seeks restoration of good conduct time in this habeas petition, such a

claim is cognizable in the context of a habeas corpus proceeding.

### B.   LOSS OF GOOD-TIME CREDIT

The Fourteenth Amendment to the United States Constitution provides some protection

to a petitioner's interest in his good-time credits. In analyzing a procedural due process claim,

the first step is to determine whether the nature of the interest is one within the contemplation

of the "liberty or property" language of the Fourteenth Amendment. *See Fuentes v. Shevin*, 407

U.S. 67 (1972). Once it is determined that the interest asserted is protected by the Due Process

Clause, the question then becomes what process is due to protect it. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). *See also Shoats v. Horn*, 213 F.3d 140, 143 (3d Cir. 2000).

Federal inmates possess a liberty interest in good-time credit. *Wolff v. McDonnell*, 418 U.S. 539, 555-57 (1974); *Young v. Kann*, 926 F.2d 1396, 1399 (3d Cir. 1991). It is well-settled that "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. Nevertheless, the Supreme Court found that there can be a liberty interest at stake in disciplinary proceedings in which an inmate loses good-time credits. *Wolff*, 418 U.S. at 556-57. Therefore, since Forney was sanctioned with the disallowance of 40 days of good conduct time (Doc. 5-1, p. 33), this Court may review the procedures afforded Petitioner in the disciplinary hearing as they relate to the loss of good-time credits. *Gilliam*, 2005 WL 3591805, at *2.

In *Wolff*, the Supreme Court set forth minimum procedural due process requirements for prison disciplinary proceedings: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the charges; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative, if the charged inmate is illiterate or if complex issues are involved; and (5) a written decision by the fact finders as to the evidence relied upon and the rationale behind their disciplinary action. The Court noted that broad discretion is accorded to the prison officials, with limited judicial review of institutional due process to determine if their decision is arbitrary or capricious. *Wolff*, 418 U.S. at 556. In *Superintendent, Massachusetts Correctional Inst. at Walpole v. Hill*, 472 U.S. 445, 453-56 (1985), the Supreme Court added a procedural requirement, holding that there must be

some evidence which supports the conclusion of the disciplinary tribunal. *Hill*, 472 U.S. at 453-56; *see also* 28 C.F.R. § 541.8(f) (DHO's decision is to be "based on at least some facts," with the decision to be "based on the greater weight of the evidence").

Based on the record, the Court concludes that Forney was afforded the full requirements of due process in his disciplinary hearing. In this case, Forney received a copy of the incident report on August 26, 2013, the same day it was issued. (Doc. 5-1, p. 22). Thereafter, a hearing was held on August 29, 2013. A review of the record reveals that Forney appeared at the hearing, and he received written notice of the charges that were then deferred to the DHO, per 28 C.F.R. § 541.7. (Doc. 5-1, p. 26). Forney requested a staff representative, Lt. Olshefski, for the DHO hearing. Forney did not request any witnesses. (Doc. 5-1, p. 26). On September 4, 2013, Forney submitted a written statement to the DHO. (Doc. 5-1, p. 28).

On September 11, 2013, the DHO hearing was held and Forney was afforded a staff representative who was present at the hearing. (Doc. 5-1, pp. 31-33). Forney was provided the opportunity to present witness testimony and present documentary evidence in his defense, and the record reflects that no witnesses were requested and the documentary evidence provided by Forney was taken into account. (Doc. 5, pp. 28-33). Forney received a written decision setting forth the evidence relied upon and the rationale for the DHO's decision. The DHO's written report explained the sanctions imposed, and notified Petitioner of his appeal rights.

In his petition for writ of habeas corpus, Forney contests Lt. Brown's investigation of the incident. Forney states that Lt. Brown should not have investigated the incident because he was present at the time of the incident. The DHO addressed this issue in his written decision, and stated that, the "investigating lieutenant was not directly involved in the incident nor was

present at the location at the time of the incident, thus, no conflict of interest was presented."
(Doc. 5-1, p. 32). There is no evidence that the investigating officer, Lt. Brown, was present at
the time of the incident, and the record reflects that Lt. Brown was not present at Forney's cell
at the time of the incident observed by the reporting officer. Second, Forney states that the BOP
violated its own policy by not allowing him to review the video footage to see if Lt. Brown was
present at the incident. There is no requirement that an inmate be allowed to review the video
footage. Third, Forney states that the location listed on Incident Report No. 2484676 was not
"specific" as required by Program Statement 5270 since he was in the Special Housing Unit
(SHU) when the incident occurred, and the terms "Special Housing Unit" and/or "SHU" never
appear in the report. (Doc. 1, p. 6). The incident report states that the incident occurred on B-
115. Thus, the report properly indicates the place of the incident. Lastly, Forney states that the
DHO and BOP failed to comply with the Program Statement because they used confidential
information, (Doc. 1, p. 7), yet there is no information in the record to support this. According
to the DHO's written report, no confidential information was used by the DHO in support of
his findings. Thus, the Court concludes that Forney received the requisite due process
requirements set forth in *Wolff*.

Since Petitioner was afforded all of his procedural rights, the only remaining issue is
whether there was sufficient evidence to support the decision. *See Gilliam*, 2005 WL 3591805, at
*4. After a review of the record, the Court concludes that there was more than ample evidence
to support the DHO's decision. The DHO relied upon the Incident Report and Investigation,
the inmate's written statement, the inmate's verbal statements at the DHO hearing, and
information and findings documented at the DHO hearing. (Doc. 5-1, pp. 22-33). This evidence

sufficiently supports the outcome of the hearing, and it is recommended that Forney's challenge to the disciplinary proceeding be denied.

## III.   RECOMMENDATION

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus (Doc. 1) be **DISMISSED** without prejudice to any right Petitioner may have to reassert the civil rights claims in a properly filed civil rights action.

**Dated: August 8, 2014**                                     s/ Karoline Mehalchick
                                                                                          **KAROLINE MEHALCHICK**
                                                                                          **United States Magistrate Judge**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFONSO FORNEY,<br><br>   Petitioner,<br><br>v.<br><br>MONICA RECKTENWALD, Warden, et al.,<br><br>   Respondents | CIVIL ACTION NO. 1:14-CV-00734<br><br>(RAMBO, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **August 8, 2014**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: August 8, 2014**

             *s/ Karoline Mehalchick*
             **KAROLINE MEHALCHICK**
             **United States Magistrate Judge**